UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

DARLENE ESPOSITO,                  :
                                   :
            Plaintiff              :     Civil Action No.
                                   :     06-1303 (NLH)
                                   :
                                   :     **OPINION**
            v.                     :
                                   :
U.S. DEPT. OF TREASURY,            :
                                   :
            Defendant.             :

---

**Appearances**:
DARLENE R. ESPOSITO
16 MARLBORO CT. #16
MAYWOOD, NJ 07607
*Pro Se Plaintiff*

**HILLMAN, District Judge**

Pro se plaintiff, Darlene Esposito, filed a complaint[1] on March 15, 2006, against the United States Department of Treasury. Her complaint was dismissed without prejudice on May 22, 2006, for failure to pay the filing fee.[2] The filing fee was paid and plaintiff moved to reinstate her case. Her motion was granted on July 13, 2006. On October 19, 2006, the Court ordered plaintiff to file proof of service pursuant to Rule 4 of the Federal Rules of Civil Procedure within 30 days or the Court would terminate

---

[1] The pleading was styled as a motion for injunctive relief. Under the liberal pleading rules for pro se plaintiffs, it was interpreted as a complaint. See Estelle v. Gamble, 429 U.S. 97, 107 (1976).

[2] At that time, the Honorable Freda L. Wolfson presided over this case. On July 13, 2006, the case was reassigned to this Court.

the action.

On November 13, 2006, plaintiff filed a pleading entitled "Complaint" in which she stated that her motion/complaint was served upon various offices within the Department of Justice, the Association of Credit and Collection Professionals, Chief Counsel-IRS Small Business Self-Employed, and S/B Appeals, IRS Service Center. Plaintiff attached copies of her Federal Express receipts as proof of mailing to the entities named above. There is also a copy of an unexecuted Summons addressed to "IRS Financial Management Service" in Cherry Hill, NJ. We found that mailing a document entitled "motion for injunctive relief and complaint" upon the above entities by Federal Express did not satisfy the requirements under Rule 4 and dismissed plaintiff's action on February 1, 2007.

Before the Court is plaintiff's motion filed pursuant to Rule 4(h)(3). There is no Federal Rule of Civil Procedure 4(h)(3). Rule 4(h) contains only two subsections and pertains to service upon corporations and associations which is irrelevant in this case where plaintiff has sued the United States. The proper method of service upon the United States is outlined in Fed.R.Civ.P. 4(i).

Given plaintiff's pro se status, we broadly and liberally interpret her motion as one for reconsideration of the Court's order terminating her case and for an extension of time within

which to serve the defendant.  Even with such a broad construction, we find that plaintiff has not provided good cause for failing to effect proper service upon the Department of Treasury.[3]

Under Rule 4(m), the court shall dismiss the action without prejudice if plaintiff has failed to make proper service of summons and complaint upon the defendant within 120 days. See Fed.R.Civ.P. 4(m).  The court shall extend this time if the plaintiff shows good cause for the failure to properly serve the defendant.  In considering a motion to extend the time for service, the court "... should determine whether good cause exists for an extension of time.  If good cause is present, the district court must extend time for service and the inquiry is ended.  If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." Veal v. U.S., 84 Fed. Appx. 253, 256 (3d Cir. 2004).

Plaintiff has not properly served the defendant within 120 days of filing her complaint and has not provided any reason for her failure to do so.  Her "motion" appears to contain general statements made in her first filing regarding the inefficiency of

---

[3] Since we are deciding this motion on the issue of service, we do not render an opinion at this time on whether the United States Department of Treasury is a proper defendant.

3

reporting under the Privacy Act.[4] We find that plaintiff has not provided good cause for her failure to effectuate proper service. See id.; see e.g., Sykes v. Blockbuster Video, No. 06-1745, 2006 WL 3314518, at *2 (3d Cir. 2006)(finding that pro se plaintiffs are expected to comply with the Federal Rules of Civil Procedure).[5]

In exercising our discretion, however, we find that given plaintiff's pro se status, and her attempts, although incorrect, to serve the defendant, we will grant the motion for reconsideration and for extension of time to serve the complaint. See Veal 84 Fed. Appx. at 256 (reversing lower court's dismissal of pro se complaint for failure to exercise its discretion even though court found plaintiff did not provide good cause). Plaintiff has thirty (30) days to properly serve the defendant in accordance with Fed.R.Civ.P. 4(i) or her case will be dismissed. An Order consistent with this Opinion will be entered.

    s/Noel L. Hillman
    NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

---

[4] Plaintiff's filings appear to be unrelated statements that may have been "cut and pasted" from various unknown legal documents.

[5] We also note that plaintiff is not filing *in forma pauperis* and, therefore, is responsible for effectuating service. See Welch v. Folsom, 925 F.2d 666, 670 (3d Cir. 1991)(ruling that in IFP cases, 28 U.S.C. § 1915(c) requires the officers of the court to issue and serve all process).